IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRANDON WEST,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD WEBER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No. 2:23-cv-00304-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is defendant Edward Weber's motion to dismiss for lack of personal jurisdiction. ECF No. 16. Plaintiff Brandon West also filed a motion for leave to conduct jurisdictional discovery, ECF No. 21, and Weber moved to strike portions of declarations that West had filed, ECF No. 24. The court DENIES the motion to dismiss. Because the personal jurisdiction argument raised by Weber is intertwined with the merits of the case, the court elects to rule on this issue at trial. Therefore, the motion for leave to conduct jurisdictional discovery and the motion to strike are DENIED AS MOOT.

**BACKGROUND**

West lives in Utah. In 2015, he incurred a debt on a credit card for $151.90 and believed that he had paid it off. But after checking his credit report years later, West discovered that a debt collector had reported that he owed $385.66 for the debt. In August 2021, he contacted the debt collector and paid a discounted amount as full compensation for the debt. Soon thereafter, the debt disappeared from his credit report. In May 2022, however, West received a letter purporting to be from Weber's law office demanding payment of $635.66 to satisfy the same debt. West ignored

the letter. A short time later, a third debt collector, IFS, contacted West and demanded payment on the debt. In June 2022, West paid IFS $385.66.

In August 2022, West received another letter purporting to be from Weber's law office. The letter stated that his debt had almost doubled, but that he could still pay $635.66 to satisfy the debt. West called Weber's law office to find out why they were attempting to collect a debt that he had already paid twice. An individual identifying himself as Frank answered the call. Frank berated West for paying IFS and assured him that IFS did not own the debt. Frank instructed West to charge back the payment made to IFS and to pay Weber's law office instead. Feeling frustrated and powerless, West paid $635.66 to what he believed to be West's law office.

In September 2022, West spoke with an attorney and charged back the payment that he had made to Weber's law office. About a week later, Frank called West. Frank stated again that he worked for Weber. Frank accused West of fraud and said that he would direct the bank to reverse the chargeback and recommend a lawsuit against West.

In May 2023, West sued Weber, who lives in California, alleging violations of both federal and Utah consumer protection statutes. Weber filed a motion to dismiss the lawsuit for lack of personal jurisdiction. In a declaration attached to his motion, he claimed that his law firm had never engaged in debt collection in Utah and that no employee of his firm had ever made an outbound collection call to a debtor. He further averred that no one named Frank worked for him and that no one from his office had ever sent a collection letter to West or participated in a telephone call with him. In his motion, Weber argued that a fraudulent debt collector must have used the name of his firm to further his scam. Weber further asserted that because the allegations in the complaint against him were false, and because he had no significant contacts with Utah, the court lacked personal jurisdiction over him.

In response to the motion to dismiss, West and his attorney filed declarations attesting to facts supporting West's claim that Weber was the individual behind the collection letters and calls. West also filed a motion for leave to conduct jurisdictional discovery and to stay the response deadline for the motion to dismiss until the court ruled on the motion for discovery. Weber then filed a motion to strike portions of the declarations of West and his attorney for lack of foundation.

## ANALYSIS

To determine whether it has personal jurisdiction over a defendant, a court typically first looks to whether exercising personal jurisdiction satisfies the forum state's long-arm statute. Then the court decides whether exercising personal jurisdiction comports with principles of constitutional due process. *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). However, because Utah's long-arm statute permits jurisdiction to the same extent permitted by the Constitution, UTAH CODE § 78B-3-201(3), the court need only address whether the exercise of personal jurisdiction over Weber comports with due process.

"[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's contacts with the forum state may give rise to either general or specific personal jurisdiction. In this case, only specific personal jurisdiction is at issue. Specific jurisdiction involves a two-step inquiry. The court must consider "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would

3

render jurisdiction unreasonable.'" *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)).

A defendant's contacts with the forum state are sufficient when two requirements are met: (1) "the defendant purposefully directed its activities at residents of the forum," and (2) "the plaintiff's claim arises out of or results from the actions by the defendant himself that create a substantial connection with the forum state." *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1277 (10th Cir. 2005) (citation omitted). Here, the parties dispute whether West's claims arise out of activities that Weber or his agents purposefully directed towards Utah. Based on representations made in the collection letters and during phone calls, West asserts that Weber purposefully directed collection efforts toward Utah. Weber claims that he did no such thing and that unknown third parties must have lied about their association with his law firm. The court declines to resolve this dispute at this stage of the litigation.

"The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (citation omitted). "Facts regarding jurisdictional questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Id.* (citations omitted). Indeed, "where the issue of jurisdiction is dependent upon a decision on the merits . . . . the trial court should determine jurisdiction by proceeding to a decision on the merits." *Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir. 1965). "The purpose of postponing a determination upon a jurisdictional question when it is tied to the actual merits of the case is to prevent a summary decision on the merits without the ordinary incidents of a trial including the right to jury." *Id.*

Here, Weber's jurisdictional argument goes to the heart of the merits of the case. He contends that the court lacks personal jurisdiction over him because he did not do the things that West alleges that he did. Thus, the court elects to resolve the issue of personal jurisdiction after the parties have had an opportunity to conduct discovery and to present their evidence at trial.

## CONCLUSION

For the above-stated reasons, the court denies Weber's motion to dismiss. Because the issue of personal jurisdiction will be determined at trial after the parties have conducted discovery, the court denies as moot both West's motion for jurisdictional discovery and Weber's motion to strike portions of declarations filed by West.

DATED September 18, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge